**POTTER HANDY LLP**
Mark D. Potter (SBN 166317)
mark@potterhandy.com
James M. Treglio (SBN 228077)
jimt@potterhandy.com
Jason Kyle Masanque (SBN 351792)
jasonm@potterhandy.com
100 Pine St., Ste 1250
San Francisco, CA 94111
Phone: (415) 534-1911
Fax: (888) 422-5191

Attorneys for Plaintiff and the Putative Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DENNIS BROWN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WALGREEN CO., an Illinois corporation; and DOES 1 to 100, inclusive

Defendants.

**CASE NO: 2:25-cv-10323-PA (MAAx)**

**FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR**

**(1) FAILURE TO PAY FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1194.2, 1198);**
**(2) FAILURE TO PROVIDE PAID REST BREAKS AND PAY MISSED REST BREAK PREMIUMS (LABOR CODE §§ 226.7; IWC WAGE ORDER NO. 4);**
**(3) FAILURE TO PROVIDE MEAL PERIODS AND PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 4);**
**(4) FAILURE TO PAY ALL WAGES OWED IN A TIMELY MANNER (LABOR CODE §204);**
**(5) FAILURE TO PROVIDE**

**COMPLETE WAGE STATEMENTS (LABOR CODE § 226 AND 226.3);**
**(6) WAITING TIME PENALTIES (LABOR CODE § 201 – 203);**
**(7) FAILURE TO PAY ALL OVERTIME WAGES OWED (LABOR CODE §§ 510, 1194, 1194.2, 1198, AND WAGE ORDER NO. 4);**
**(8) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2699, ET SEQ., AND 558); AND**
**(9) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

Plaintiff Dennis Brown ("Plaintiff"), individually and on behalf of the State of California and all others similarly situated (hereinafter "Class Members"), complains and alleges as follows:

## OVERVIEW OF CLAIMS

1. Plaintiff brings this action individually and on behalf of all others similarly situated, as a class action and on behalf of the California general public, against Defendants Walgreen Co. ("Walgreen" and/or "Defendant"), and DOES 1 to 100 (collectively "Defendants") for their (1) failure to pay Plaintiff and their employees in California for all hours worked; (2) failure to provide Plaintiff and their employees paid rest breaks and pay rest break premiums; (3) failure to provide Plaintiff and their employees meal periods and pay missed meal period premiums; (4) failure to pay all wages owed in a timely manner; (5) failure to provide complete wage statements to Plaintiff and their employees within the four years prior to the filing of this Complaint; (6) failure to pay all wages due to former employees based

on the foregoing; (7) failure to pay overtime wages to Plaintiff and their employees; (8) PAGA violations based on the foregoing; and (9) unfair business practices based on the foregoing. As a result of the foregoing, Defendants have violated California statutory laws as described below.

2. The "Class Period" is designated as the period from four years prior to the filing of this Complaint through the trial date. Defendants' violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period.

## VENUE

3. Venue is proper in this Court under 28 U.S.C. § 1391(b). Defendant runs a store and Plaintiff was assigned to work in Inglewood, California, which is in the Central District of California. The acts alleged herein occurred in Los Angeles County. Venue is therefore proper in the U.S. District Court for the Central District of California.

## JURISDICTION

4. Defendants are within the jurisdiction of this Court. Defendants transact millions of dollars by business as an American pharmacy store chain. Thus, Defendants have obtained the benefits of the laws of the State of California.

5. Further, this Court has subject-matter jurisdiction and removal jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d)(2), 1441(a), 1446, and 1453. This Court has original subject-matter jurisdiction over this action under CAFA because (i) the alleged amount in controversy exceeds $5,000,000, exclusive of interest and costs; (ii) this matter is a purported class action in which a class member is a citizen of a State different from that of a Defendant; and (iii) the number of putative class members is greater than 100.

## THE PARTIES

### A. The Plaintiff

6. Plaintiff is a California resident and, from 2024 to April 5, 2025, was employed by Defendants as a Customer Service Associate. At all relevant times, Plaintiff was hired to provide services to Defendants' customers. At all relevant times through the present, and on-going, Defendants' employees, including Plaintiff during employment, were not paid by Defendants for all hours worked; did not receive premium payments for having been provided only unpaid rest periods; were not provided timely duty free meal breaks or paid missed meal break premiums; were not provided accurate and/or complete wage statements; were not paid all wages owed within seven days of the close of payroll; did not receive all of their wages due upon termination of employment; and did not receive their overtime wages.

7. Plaintiff also seeks to represent the following classes:

a. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who were not provided with meal periods during the Class Period ("meal period class members");

b. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who worked shifts in excess of three and a half hours during the Class Period ("rest period class members");

c. all individuals who are or were employed by Defendants, or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates during the Class Period ("wage statement class members");

d. all individuals who are or were employed by Defendants, or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who work or worked in excess of eight hours in a day or forty hours in a workweek during the Class Period ("overtime class members");

e. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, and who were paid more than seven days after the close of payroll during the Class Period, ("late payment class"); and

f. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who were not paid their wages at the time of termination or within seventy-two (72) hours of their resignation and have not been paid those sums for thirty (30) days thereafter, during the Class Period ("waiting time class").

(Collectively referred to as "Class Members" and/or the "Class").

**B. The Defendants**

8. Defendant Walgreen Co. is an Illinois corporation based in Deerfield, Illinois. It is an American pharmacy store chain. To provide their services to their customers, Defendants employ Customer Service Associates such as the Plaintiff and the Class Members.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Rule of Civil Procedure 10(a). Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally

responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Class Members.

11. California courts have recognized that the definition of "employer" for purposes of enforcement of the California Labor Code goes beyond the concept of traditional employment to reach irregular working arrangements for the purpose of preventing evasion and subterfuge of California's labor laws. *Martinez v. Combs* (2010) 49 Cal. 4th 35, 65. As such, anyone who directly or indirectly, or through an agent or any other person, engages, suffers, or permits any person to work or exercises control over the wages, hours, or working conditions of any person, may be liable for violations of the California Labor Code as to that person. Cal. Labor Code §§558 and 558.1.

12. California law also permits and recognizes the piercing of a corporate veil between sister companies and under the single enterprise rule. *Hasso v. Hapke* (2014) 227 Cal. App. 4th 107, 155; *Greenspan v. LADT, LLC* (2010) 191 Cal. App. 4th 486, 512. The single enterprise rule applies where "there are two or more personalities, there is but one enterprise; and that this enterprise has been so handled that it should respond, as a whole, for the debts of certain component elements of it." *Hasso* 227 Cal. App. 4th at 155; *Greenspan*, 191 Cal. App. 4th at 512.

## FACTUAL ALLEGATIONS

13. Plaintiff and the Class are and were employed by Walgreen Co., an Illinois corporation based in Deerfield, Illinois. It is an American pharmacy store chain.

14. Plaintiff worked for Defendants from November 13, 2023, through April 5, 2025. From November 13, 2023, to April 5, 2025, Plaintiff was hired by Defendants as a customer service associate and paid a salary of $16 per hour. He was assigned to work for Defendants in Inglewood, California.

15. Plaintiff was denied complaint meal and rest periods during each and every workweek of his employment, from the workweek of November 13, 2023, through the workweek ending April 5, 2025, because he was required to remain on-call. Defendants required Plaintiff and the Class to remain on-site and on-duty during their breaks due to understaffing and lack of relievers. As a result, Plaintiff and the Class's meal and rest periods were constantly interrupted or were not taken at all. Plaintiff and the Class were not paid penalties for these missed breaks, nor did they sign any waiver of these breaks.

16. Labor Code § 1197 states the California requirement that employees must be paid at least the minimum wage fixed by the Commission, and any payment of less than the minimum wage is unlawful.

17. Labor Code § 1194 entitles "any employee receiving less than the legal minimum wage…to recover in a civil action the unpaid balance of the full amount of this minimum wage."

18. IWC Wage Order 4-2001 § 4 also obligates employers to pay each employee minimum wages for all hours worked.

19. Therefore, Plaintiff and the Class Members were not compensated for all hours worked.

20. In 2018, the California Supreme Court held in *Troester v. Starbucks,*

*Inc.* (2018) 5 Cal.5th 829, that an employee must be compensated for any time in which they are under the control of their employer, and performing work, even if that amount of time, as here, is limited to several hours per month. Thus, by not compensating Plaintiff and the Class Members for their meal and rest periods while they are on-duty, Defendant has violated the Labor Code and the Wage Order.

21. Labor Code § 1194.2 authorizes employees to recover wages to recover liquidated damages for violations of Labor Code § 1194. Where an employee, as Plaintiff and the Class Members are not paid for all hours worked under Labor Code § 1194, the employee may recover minimum wages for the time associated with the overtime for which they received no compensation. (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp. 3d 891 [holding that employees suing for failure to pay overtime could recover liquidated damages under § 1194.2 if they also showed they were paid less than minimum wage]; accord *Andrade v. Arby's Rest. Grp., Inc.* (N.D. Cal. Dec. 12, 2016) No. 15-cv-03175 NC, 2016 U.S. Dist. LEXIS 172319, at *20-21.) Since Defendant failed to provide Plaintiff and all Class Members with compensation for all hours worked, including overtime hours, each are entitled to recover liquidated damages under Labor Code § 1194.2. Based upon these same factual allegations, Plaintiff also seeks penalties on behalf of all Class Members penalties under Labor Code § 1199.

22. Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty-free meal period within the first five hours of work. "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal. App. 5th 926, 932.) The written agreement must include a provision allowing the employee to revoke it at any time. *Id.*

23. Generally, the DLSE and courts have "found that the nature of the work exception applies: '(1) where the work has some particular external force that

requires the employee to be on duty at all times, and (2) where the employee is the sole employee of a particular employer." (Id. at p. 945; *Abdullah v. U.S. Security Associates, Inc.* (9th Cir. 2013) 731 F.3d 952, 958–959.) "[I]t is the employer's obligation to determine whether the nature of the work prevents an employee from being relieved before requiring an employee to take an on-duty meal period." (*Lubin, supra*, 5 Cal. App. 5th at p. 946.) Nor may an employer "discharge its duty by arguing that its clients who requested on-duty meal periods determined that the nature of the work prevented officers from being relieved of all duty." (Id. at p. 947; *Benton, supra*, 220 Cal. App. 4th at p. 729.

24. As with rest periods, under Labor Code § 512, if an employer maintains a uniform policy that does not authorize and permit the amount of meal time called for under the law (as specified in the applicable Wage Order), "it has violated the wage order and is liable." The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not—if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required—***it has violated the wage order and is liable***. *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1033. (Emphasis added.)

25. As a result of Defendants' meal period policies that required Plaintiff and Class Member sot remain on-call during meal periods, Defendants failed to provide duty-free meal periods of 30 minutes or more, in violation of Labor Code § 512 and IWC Wage Order No. 4. Plaintiff personally experienced these violations from November 13, 2023, to April 5, 2025.

26. Thus, Defendant unlawfully retained control of Plaintiff and the Class Members during their meal periods even though the nature of the work did not necessitate an on-duty meal period (and by failing to enter into proper on-duty meal period agreements). See *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th

257, 275 (holding that on-premises breaks violate California law). As a result of Defendant's failure to authorize or permit lawful meal periods, Plaintiff and the Class Members did not receive duty-free thirty-minute meal periods within the first five (5) hours of their work. Defendant also failed to pay Plaintiff and the Class Members meal period premiums for each workday that the employees did not receive a compliant meal period.

27. Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Similarly, IWC Wage Order 4-2001 prohibits an employer from "employ[ing] any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. IWC Wage Order 4-2001 further obligates employers to provide an employee to "pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. Accordingly, for each day that Plaintiff and the Class Members did not receive compliant meal periods, they are entitled to receive meal period premiums pursuant to Labor Code § 226.7 and Wage Order 4-2001.

28. Pursuant to Labor Code § 226.7, and Wage Order 4-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four hours worked. Plaintiff personally experienced these violations from November 13, 2023, through April 5, 2025.

29. Labor Code § 226. 7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission ("IWC")." Under IWC Wage Order 4-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked.

30. Defendant failed to implement a lawful rest period policy that informed Plaintiff and the Class Members of their right to receive lawful rest periods for shifts greater than 3.5 hours. Specifically, Plaintiff and the Class Members were required to take on-duty rest periods. To the extent that Plaintiff and the Class Members could stop work during their shifts, they were nonetheless on-call to their supervisors and were not provided with duty-free rest periods. See *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257 (2016) (holding that on-duty rest breaks violate California law).

31. Pursuant to Labor Code § 226.7 and Wage Order 4-2001, Defendant failed to provide Plaintiff and the Class Members with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked.

32. The Brinker Court explained in the context of rest breaks that employer liability attaches from adopting an unlawful policy:

> An employer is required to authorize and permit the amount of rest break time called for under the wage order for its industry. If it does not-if, for example, it adopts a uniform policy authorizing and permitting only one rest break for employees working a seven-hour shift when two are required-***it has violated the wage order and is liable***. *Brinker Rest. Corp. v. Sup. Ct.*, supra, 53 Cal.4th at 1033. (Emphasis added.)

33. Since Defendant did not offer employees the opportunity to receive a compliant off-duty ten-minute rest periods, "the court may not conclude employees voluntarily chose to skip ... breaks." *Alberts v. Aurora Behavioral Health Care*, (2015) 241 Cal. App. 4th 388, 410 ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); accord *Brinker Rest. Corp. v. Sup. Ct.*, *supra*, 53 Cal.4th at 1033 ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").

34. Even an employer who maintains an otherwise compliant rest period policy, "reminded their employees of their availability-and the importance-of taking breaks on a daily basis, and even went so far as to conduct regular audits to ensure that employees were being offered rest breaks" will still be liable for rest period violations if the employees were not separately or properly compensated for the non-productive time associated with rest periods under a piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.,* 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) aff'd *Amaro v. Gerawan*, 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at * 11 (E.D. Cal. Aug. 22, 2016); rev. denied by 9th Cir. (9th Cir. Nov. 16, 2016).

35. In addition, when Plaintiff and the Class Members were not provided with complaint rest periods, Defendants failed to compensate them with one (1) hour of pay at their regular rate of compensation as required by Labor Code § 226.7. Plaintiff personally experienced these violations from November 13, 2023, through April 5, 2025.

36. Labor Code § 204 expressly requires that "[a]ll wages…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Pursuant to Labor Code § 204(d), these requirements are "deemed satisfied by the payment of wages for weekly, biweekly or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

37. Due to Defendant's failure to pay Plaintiff and the Class Members for all rest and meal period premiums, overtime, and all hours worked, Defendant failed to timely pay the Class Members within seven (7) days of the close of the payroll period in accordance with Labor Code § 204 on a regular and consistent basis. See *Parson v. Golden State FC, LLC*, 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010, at *3-5 (N.D. Cal. May 2, 2016) (finding after Ling that a failure to pay rest period

premiums can support claims under Labor Code §§ 203 and 204).

38. Labor Code § 210 provides that "in addition to, an entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections…204…shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) for each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25% of the amount unlawfully withheld." As a result of the faulty compensation policies and practices described in detail above, Plaintiff and the Class Members are entitled to recover penalties under Labor Code § 210.

39. As a result of Defendant's failure to pay wages to Plaintiff and the Class Members, for all hours worked, overtime, meal period minimum wages, and meal/rest period premiums, Defendant violated Labor Code § 203. Labor Code § 203 provides "if an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty. . ." for up to 30 days. Lab. Code § 203; *Mamika v. Barca*, (1998) 68 Cal.App.4th 487, 492.

40. Due to Defendant's faulty policies described above, all Class Members whose employment with Defendant concluded were not compensated at the appropriate rate. Additionally, Defendant has failed to pay all Class Members for all hours worked, overtime, meal period premiums, and rest period premiums, whose sums were certain, at the time of termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter.

41. As to Plaintiff and all Class Members, Defendants also failed to provide accurate itemized wage statements in accordance with Labor Code § 226(a)(1, 2, 5, 9). Labor Code § 226 obligates employers, semi-monthly or at the time of each payment to furnish an itemized wage statement in writing showing:

(1) gross wages earned;

(2) total hours worked by the employee;
(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece rate;
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item;
(5) net wages earned;
(6) the inclusive dates of the period for which the employee is paid;
(7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number;
(8) the name and address of the legal entity that is the employer…;
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

42. Similarly, Labor Code § 226(e) provides:

(e) (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.
(2) (A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.
(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

> (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).
> (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.
> (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

43. Due to Defendant's failure to provide Plaintiff and the Class Members lawful meal and rest periods (and pay missed rest period premiums), the wage statements issued by Defendant do not indicate the correct amount of gross wages earned, the correct total hours worked, the correct net wages earned, or the applicable and/or correct hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9).

44. Thus, Defendant has violated Labor Code § 226(a)(1), (2), (5), and (9) with respect to Plaintiff and the Class Members.

45. Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." As explained in detail above, Defendant failed to provide Plaintiff and the Class Members with accurate itemized wage statements. Accordingly, Plaintiff and the Class Members may also

recover Labor Code § 226.3 penalties for Defendant's violations of Labor Code § 226(a). See *Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim."]; *Pedroza v. PetSmart, Inc.,* No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *6 (C.D. Cal. June 14, 2012) ("Lab. Code § 226.3 merely provides that failure to perform actions mandated by § 226(a) may trigger civil penalties.").

46. Labor Code § 510 requires an employer to compensate an employee who works more than eight (8) hours in one workday, forty (40) hours in a workweek, and for the first eight (8) hours worked on the seventh consecutive day no less than one and one-half times the regular rate of pay for an employee. Further, Labor Code § 510 obligates employers to compensate employees at no less than twice the regular rate of pay when an employee works more than twelve (12) hours in a day or more than eight (8) hours on the seventh consecutive day of work. In accordance with Labor Code § 1194, Plaintiff and the overtime class members could not then agree and cannot now agree to work for a lesser wage than the amount proscribed by Labor Code §§ 510 and 1194.

47. In addition, as stated above, Plaintiff and the Class worked certain hours for which they were not paid (on-duty meal and rest periods). This time amounts and amounted to up to several hours per month. Because Plaintiff and the Class spent eight hours or more working on "compensated" time, this uncompensated time for mandatory activities done off the clock should have been compensated at the overtime rate. Instead, no compensation was paid at all, in violation of Cal. Labor Code §§ 510, 1194, and Wage Order 4-2001. Plaintiff is an aggrieved employee for purposes of seeking penalties under PAGA.

**CLASS ACTION ALLEGATIONS**

48. Plaintiff brings this action, individually and on behalf of all others

similarly situated, as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent the following classes:

a. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who were not provided with meal periods during the Class Period ("meal period class members");

b. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who worked shifts in excess of three and a half hours during the Class Period ("rest period class members");

c. all individuals who are or were employed by Defendants, or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates during the Class Period ("wage statement class members");

d. all individuals who are or were employed by Defendants, or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, who work or worked in excess of eight hours in a day or forty hours in a workweek during the Class Period ("overtime class members");

e. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt Customer Service Associates, and who were paid more than seven days after the close of payroll during the Class Period, ("late payment class"); and

f. all individuals who are or were employed by Defendants or their predecessor or merged entities in California as hourly, non-exempt

Customer Service Associates, who were not paid their wages at the time of termination or within seventy-two (72) hours of their resignation and have not been paid those sums for thirty (30) days thereafter, during the Class Period ("waiting time class").

49. This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class:

a. Numerosity: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants have, on average, during the Class Period employed over 200 Class Members in California. The Class Members are dispersed throughout California. Joinder of all members of the proposed classes is therefore not practicable.

b. Commonality: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i. Whether Defendants violated sections 1194, 1194.2, and 1198 of the Labor Code by failing to pay Plaintiff and the members of the Class for all hours worked during the Class Period;

ii. Whether Defendants violated Section 12 of IWC Wage Order No. 4 by failing to provide paid rest periods to Plaintiff and the members of the Class in California during the Class Period, specifically from November 13, 2023, to April 5, 2025, for Plaintiff;

iii. Whether Defendants violated Labor Code section 226.7 by failing

to provide one hour of premium pay to each member of the Class for each day that a paid rest period was not provided in California during the Class Period, specifically from November 13, 2023, to April 5, 2025, for Plaintiff;

iv. Whether Defendants violated Labor Code sections 512 and 226.7, and section 11 of IWC Wage Order No. 4 by failing to pay one hour of premium pay to each member of the Class for each day that an unpaid meal break was not provided during the Class Period;

v. Whether Defendants violated Labor Code sections 204 and 210 by failing to pay Plaintiff and the Class Members all wages owed with seven days of the close of payroll;

vi. Whether Defendants violated Section 203 of the Labor Code by failing to pay members of the Waiting Time Penalty Subclass (those class members who have terminated their employment with the Defendants) for all wages due to them (including their pay due for unpaid rest breaks and the other Nonproductive times) upon their separation of employment from Defendant;

vii. Whether Defendants failed to provide Plaintiff and the Class Members complete wage statements in violation of Labor Code Section 226(a);

viii. Whether Defendants violated Sections 510, 1194, 1194.2, and 1198 of the Labor Code and IWC Wage Order No. 4 during the Class Period by failing to pay Plaintiff and the Class Members all overtime wages owed;

ix. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class for all hours worked during the Class Period;

x. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide paid rest breaks to members of the Class in violation of Labor Code section 226.7 and Section 12 of IWC Wage Order No. 4;

xi. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to provide off-duty meal breaks to members of the Class in violation of Labor Code sections 512, 226.7 and Section 11 of IWC Wage Order No. 4;

xii. Whether Defendants engaged in an unfair practice and violated section 17200 of the California Business and Professions Code by failing to pay Plaintiff and the members of the Class for all wages and overtimes wages owed during the Class Period;

xiii. Whether Plaintiff and the Class are entitled to restitution under Business and Professions Code § 17200;

xiv. The proper formula(s) for calculating damages, interest, and restitution owed to Plaintiff and the Class Members;

xv. The nature and extent of class-wide damages.

c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Both Plaintiff and Class Members sustained injuries and damages, and were deprived of property rightly belonging to them, arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein, in similar ways and for the same types of unpaid wages.

d. <u>Adequacy of Representation</u>: Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class and Class Members. Plaintiff's interests do not conflict with those of Class and Class Members. Counsel who represents Plaintiff are competent and experienced in litigating large wage and hour class actions, and other employment class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class and Class Members.

e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual

joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendants' unlawful policies and/or practices. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful compensation policies and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY FOR ALL HOURS WORKED
## [Cal. Labor Code §§ 1194; 1194.2, and 1198]
## On behalf of Plaintiff and the Class Against All Defendants

50. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

51. Section 1194 of the Labor Code provides, in relevant part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than minimum wage…applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage …, including interest thereon, reasonable attorney's fees, and costs of suit.

52. Section 1194.2 of the Labor Code provides, in relevant part:

> In any action under…Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

53. As set forth above, during the Class Period, Plaintiff and the Class Members were required to take their rest and meal periods on-duty in violation of Labor Code § 1194. Plaintiff personally experienced these violations from November 13, 2023, through April 5, 2025.

54. Accordingly, during the Class Period, Plaintiff and the members of the Class did not receive minimum wage for their on-duty rest and meal periods and off the clock work.

55. Pursuant to sections 1194, 1194.2, and 1198 of the California Labor Code, Plaintiff and the Class are entitled to recover, either their unpaid hourly wages due, or minimum wage plus interest and/or liquidated damages in an additional amount equal to the total amount of wages unlawfully withheld during the Class Period for unpaid work hours.

56. Pursuant to section 1194.2 of the Labor Code, Plaintiff and the Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action.

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE PAID REST PERIODS TO AND PAY MISSED REST BREAK PREMIUMS
## [Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 4]
## On behalf of Plaintiff and the Class Against All Defendants

57. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58. Section 12 of IWC Wage Order No. 4 provides: "(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as

practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. *Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages*." (Emphasis added).

59. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

60. As alleged herein, Plaintiff and the Class Members were required to take on-call rest periods. Plaintiff personally experienced these violations from November 13, 2023, through April 5, 2025. By failing to provide paid, duty-free rest periods of at least ten (10) minutes for each four hours worked or major fraction thereof, Defendants violated Labor Code § 226.7 and are liable to Plaintiff and the Class.

61. As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided paid rest breaks and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with paid rest periods as required by California law.

## THIRD CAUSE OF ACTION
## FAILURE TO PROVIDE OFF-DUTY MEAL BREAKS AND FAILURE TO PAY MISSED MEAL BREAK PREMIUMS
## [Cal. Labor Code §§ 226.7, 512]
## On behalf of Plaintiff and the Class Against All Defendants

62. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

63. California Labor Code § 226.7(a) provides, "No employer shall require

any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

64. Section 11(A) and (B) of IWC Wage Order No. 4 provide that:

> "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

65. Section 11(C) of IWC Wage Order No. 4 provides that

> Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an on-duty meal period and counted as time worked. An on-duty meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

66. Finally, Section 11(D) of IWC Wage Order No. 4 provides that

> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

67. As alleged herein by requiring Plaintiff and the Class Members to have on-duty meal periods, and by failing to provide them with duty-free timely 30-minute meal breaks, for work greater than five (5) hours in length, Defendants

violated California Labor Code § 226.7 and IWC Wage Order No. 4, and are liable to Plaintiff and the Class. Plaintiff experienced these violations between November 13, 2023, and April 5, 2025.

68. As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided timely duty-free meal breaks and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period greater than 5 hours in California during each day in which Defendants failed to provide employees with timely duty-free meal periods as required by California law.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES WITHIN A TIMELY MANNER
## [Cal. Labor Code §§ 204]
## On behalf of Plaintiff, and the Class Against All Defendants

69. Plaintiff incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

70. Cal. Lab. Code §200 provides that "'wages' include all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, pieces, commission basis, or other method of calculation."

71. Cal. Labor Code §204 states that all wages earned by any person in any employment are payable twice during the calendar month and must be paid not more than seven days following the close of the period when the wages were earned.

72. Cal. Lab. Code §216 establishes that it is a misdemeanor for any person, with regards to wages due, to "falsely deny the amount or validity thereof, or that the same is due, with intent to secure himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

73. Defendants, as a matter of established company policy and procedure,

in the State of California, scheduled, required, suffered, and/or permitted Plaintiff and other members of the Class, to work during payperiods, and not compensate them for their work within seven days of the close of payroll.

74. In addition, Defendants, as a matter of established company policy and procedure in the State of California, scheduled, required, suffered and/or permitted Plaintiff and the members of the Class, to work without compensation, work without legally compliant off-duty meal periods and rest periods, and failed to pay Plaintiff and the members of the Class, for their hours worked, meal period premiums, and rest period premiums within seven days of the close of payroll, as required by law.

75. Defendants, as a matter of established company policy and procedure in the State of California, falsely deny they owe Plaintiff and the other members of the Class these wages, with the intent of securing for itself a discount upon its indebtedness and/or to annoy, harass, oppress, hinder, delay, and/or defraud Plaintiff and the Class Members.

76. Defendants' pattern, practice and uniform administration of its corporate policy of illegally denying employees compensation, as described herein, is unlawful and entitles Plaintiff and members of the Class, to recover, pursuant to Cal. Lab. Code §218, the unpaid balance of the compensation owed to them in a civil action.

77. Pursuant to Cal. Lab. Code §218.6 and to Cal. Civ. Code §§3287 (b) and 3289, Plaintiff and members of the Class, seek to recover pre-judgment interest on all amounts recovered herein.

78. Pursuant to Cal. Lab. Code §218.5, Plaintiff and members of the Class, request that the Court award them reasonable attorneys' fees and the costs incurred by them in this action, as well as any statutory penalties Defendants may owe under the California Labor Code and/or any other statute.

## <u>FIFTH CAUSE OF ACTION</u>
## FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS

**[Cal. Labor Code § 226(a) and 226.2(a)(2)(A)-(B)]**
**On behalf of Plaintiff and the Wage Statement and Penalty Subclass Against All Defendants**

79. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

80. The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

81. Section 226(a) of the California Labor Code provides, in relevant part:

> Every employer shall…furnish each of his or her employees…an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all - deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…

82. As set forth above, during the Class Period, due to its unlawful rest and meal period policies, Defendants failed to issue wage statements to its employees in California, including Plaintiff, that complied with Labor Code Section 226(a).

83. Defendants' "wage statements" failed to comply with either section 226 or 226.2. First, Defendants failed to identify themselves as the employer. Second, Defendants' "wage statements" also did not include total hours worked, the total

amount of time spent on rest periods & other nonproductive tasks, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code Sections 226(a) and 226.2.

84. Defendants' failure to comply with section 226(a) of the Labor Code was knowing and intentional, particularly following the issuance of *McKenzie v. Federal Express Corp*., 765 F.Supp.2d 1222, 1229 (C.D.Cal. 2011) and/or the passage of Section 226.2.

85. As a result of Defendants' issuance of inaccurate itemized wage statements to Plaintiff and members of the wage statement and penalty subclass (i.e., those members of the class who were employed by Defendants during the actionable period for this cause of action) in violation of section 226(a) of the California Labor Code, Plaintiff and the Class are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per Plaintiff and per every member of the Class from Defendants pursuant to section 226(e) of the Labor Code, costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
## WAITING TIME PENALTIES FOR FAILURE TO PAY WAGES DUE ON TERMINATION
## [Cal. Labor Code §§ 201-203]
## On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against All Defendants

86. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

87. The actionable period for this cause of action is three years prior to the filing of the Complaint through the present, and on-going until the violations are corrected, or the subclass is certified.

88. Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former employees in the Class during the actionable period for this cause of action, at or around the time that their

employment is terminated.

89. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

90. By virtue of its unlawful meal and rest period policies, Defendants willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Subclass (i.e., those members of the Class whose employment with Defendants ended the actionable period for this cause of action) who are no longer employed by Defendants for their time spent on statutory rest breaks and the other Nonproductive times prior to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

91. As a result, Defendants are liable to Plaintiff and other members of the waiting time penalty subclass who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such subclass member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

## SEVENTH CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
## (Violation of Labor Code §§ 510, 1194, and 1198, and the "Hours and Days of Work" section of IWC Wage Order No. 4)
## By Plaintiff and the Overtime Class Against All Defendants

92. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, as though fully set forth herein.

93. Labor Code § 510 provides, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be

compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee." The "Hours and Days of Work" section of the applicable IWC Wage Order mandate the same requirements.

94. Labor Code § 1194 provides that any employee receiving less than the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

95. Furthermore, pursuant to Labor Code § 1198, "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

96. The IWC Wage Order 4-2001 defines the term "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

97. In California, overtime is computed based on the regular rate of pay. The regular rate of pay includes all different types of remuneration, including hourly earnings, salary, piecework earnings, commissions, and non-discretionary bonuses, and the value of meals and lodging.

98. Plaintiff and members of the Overtime Class regularly worked more than eight (8) hours per day and forty (40) hours per week while employed by Defendants. Defendants also required Plaintiff and the Overtime Class to take on-

duty rest and meal breaks, which resulted in additional uncompensated work time. Plaintiff personally experienced these violations from November 13, 2023, through April 5, 2025. As a result, Plaintiff and members of the Overtime Class did not receive all overtime compensation owed for hours worked in excess of eight (8) hours per day, fort (4) hours per week, and/or for hours worked on the seventh consecutive day of work, at the applicable overtime rate.

99. Defendants failed to pay Plaintiff and members of the Overtime Class at the proper overtime rate for all the time spent working and under the control of Defendants. Defendants also failed to pay overtime compensation for all overtime hours worked over eight hours per day and/or 40 hours per week.

100. Plaintiff and members of the Overtime Class suffered and continue to suffer losses related to the use and enjoyment of compensation due and owing to them as a direct result of Defendants' unlawful acts and Labor Code violations in an amount to be shown according to proof at trial and within the jurisdictional limitations of this Court.

101. Plaintiff seeks all available remedies for Defendants' violations including, but not limited to any and all wages due, monies, interest, attorney's fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE PRIVATE ATTORNEY GENERALS ACT OF 2004
## [Labor Code § 2698, et seq.]
## On Behalf of Plaintiff and the Class Against All Defendants

102. Plaintiff, individually and on behalf of all aggrieved employees, realleges and incorporates by reference all previous paragraphs.

103. Based on the above allegations incorporated by reference, Defendants have violated Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 4-2001.

104. Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiff and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

These penalties shall be allocated seventy-five percent (75%) to the Labor and Workforce Development Agency (LWDA) and twenty-five percent (25%) to the affected employees. These penalties may be stacked separately for each of Defendants violations of the California Labor Code. *See e.g. Hernandez v. Towne Park, Ltd.*, No. CV 12-02972 MMM (JCGx) 2012 U.S.Dist. LEXIS 86975, at *59, fn. 77 (C.D.Cal. June 22, 2012) (holding that although the plaintiff did not seek stacked PAGA penalties, that "PAGA penalties can be 'stacked,' *i.e.,* multiple PAGA penalties can be assessed for the same pay period for different Labor Code violations."); *See Lopez v. Friant & Assocs., LLC*, No. A148849, 2017 Cal. App. LEXIS 839, at *1 (Ct. App. Sep. 26, 2017) ("hold[ing] a plaintiff seeking civil penalties under PAGA for a violation of Labor Code section 226(a) does not have to satisfy the 'injury' and 'knowing and intentional' requirements of section 226(e)(1) and acknowledging that a Plaintiff could recover separately under PAGA for violations of Labor Code §§ 226(a) and 226(e)); *accord Schiller v. David's Bridal, Inc.*, No. 1:10-cv-00616 AWI SKO) 2010 U.S. Dist. LEXIS 81128, at *17 (E.D. Cal. July 14, 2010); *Pulera v. F & B, Inc.*, No. 2:08-cv-00275-MCE-DAD, 2008 U.S. Dist. LEXIS 72659, 2008 WL 3863489, at * 2-3 (E.D. Cal. Aug. 19, 2008); *Smith v. Brinker Intern, Inc.*, No. C 10-0213 VRW, 2010 U.S. Dist. LEXIS 54110, 2010 WL 1838726, at * 2-6 (N.D. Cal. May 5, 2010).

105. Pursuant to Labor Code § 2699.3 (a), on June 26, 2025, Plaintiff gave written notice by certified mail to Defendant, and to the LWDA of his claims for violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194,

1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 4-2001, and theories supporting these claims as alleged herein. As of the date of this Complaint, the LWDA has not responded to Plaintiff's PAGA letter. Accordingly, Plaintiff has fulfilled all administrative prerequisites to the filing and pursuit of his PAGA claims individually and on behalf of all other current and former Aggrieved Employees of Defendant.

106. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 4-2001.

**NINTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**(BUS. & PROF. CODE § 17200, ET SEQ.)**
**On Behalf of Plaintiff and the Class Against All Defendants**

107. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

108. Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself, and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

109. Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for this cause of action is four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, or the Class is certified.

110. Section 90.5(a) of the Labor Code states that it is the public policy of

California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

111. As a direct and proximate result of Defendants' unlawful business practices, Plaintiff and the Class Members have suffered economic injuries. Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices.

112. Plaintiff and similarly situated Class Members are entitled to monetary relief pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid wages, unpaid meal and rest period premiums, due and interest thereon, from at least four years prior to the filing of this complaint through to the date of such restitution, at rates specified by law. Defendants should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

113. Through its actions alleged herein, Defendants have engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by wrongfully denying them wages due for all hours worked and overtime, and wrongfully denying them missed meal and rest period premiums, and therefore was substantially injurious to Plaintiff and the Class Members.

114. Defendants engaged in unfair competition in violation of sections 17200 et seq. of the California Business & Professions Code by violating Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 4-2001.

115. Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of sections 17200 et seq. of the California Business and Professions Code.

116. Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

117. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing individually and on behalf of other similarly situated Class Members previously or presently employed by Defendants in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5, and Labor Code § 1194.

## JURY DEMAND

118. Plaintiff hereby demands trial by jury of his and the Class's claims against Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, individually and on behalf of the members of the Class, prays for judgment against Defendants as follows:

1. An Order than this action may proceed and be maintained as a class action;

2. <u>On the First Cause of Action</u>:

a. A declaratory judgment that Defendants violated sections 1194, 1194.2, and 1198 of the California Labor Code by failing to pay Plaintiff and other members of the Class hourly and separately for their time spent on statutory rest periods and the Nonproductive times during the class period;

b. An award to Plaintiff and other members of the Class in the amount of their unpaid wages owed to them for their time spent on statutory rest periods, plus interest and/or liquidated damages during the class period;

c. An award to Plaintiff and the other members of the Class in the amount of their unpaid wages owed to them for their time spent on the other non-productive tasks during the class period, plus interest; and/or liquidated damages;

d. An award to Plaintiff and the Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

3. <u>On the Second Cause of Action</u>:

a. A declaratory judgment that Defendants violated California Labor Code § 226.7, and Section 12 of IWC Wage Order No. 4-2001;

b. Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that a paid rest period was not provided during the Class Period;

4. <u>On the Third Cause of Action</u>

a. A declaratory judgment that Defendants violated California Labor Code §§ 226.7 and 512, and Section 11 of IWC Wage Order No. 4-2001;

b. Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that an off-duty meal period was not provided during the Class Period;

5. <u>On the Fourth Cause of Action</u>

a. A declaratory judgment that Defendants violated California Labor Code §204 by paying Plaintiff, and the Class more than seven days after the close of payroll.

b. For compensatory damages, including lost wages, bonuses, and

other losses, according to proof,

c. For general damages, according to proof;

d. For an award of interest, including prejudgment interest at the legal rate;

e. For statutory damages, including reasonable attorneys' fees and costs of suit.

6. On the Fifth Cause of Action:

a. A declaratory judgment that Defendants violated California Labor Code §226 by issuing inaccurate and/or incomplete wage statements that failed to include total hours worked and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate to Plaintiff and the wage statement and penalty subclass members;

b. An award to Plaintiff and Class Members of $50 for each initial pay period, one year prior to the filing of this Complaint through the date of trial, in which a violation of Section 226 occurred and $100 for each subsequent pay period, one year prior to the filing of this Complaint through the date of trial, in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees, pursuant to Labor Code § 226(e).

7. On the Sixth Cause of Action:

a. A declaratory judgment that Defendants violated California Labor Code §§ 201 through 203;

b. Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days' wages per waiting time penalty subclass Class Member.

8. On the Seventh Cause of Action:

a. A declaratory judgment that Defendants violated sections 510,

1194, 1194.2 of the California Labor Code by failing to pay Plaintiff and other members of the Overtime Class for all compensation for all hours worked in excess of eight hours in a day or forty hours in a workweek at the proper overtime rate;

b. An award to Plaintiff and the other members of the Overtime Class in the amount of their unpaid overtime compensation owed to them plus interest; and/or liquidated damages;

c. An award to Plaintiff and the Overtime Class Members of their attorneys' fees and costs of suit to the extent permitted by law, including, but not limited to, section 1194 of the California Labor Code and section 1021.5 of the California Code of Civil Procedure;

9. <u>On the Eighth Cause of Action</u>

a. For penalties and other relief allowable under Labor Code § 2699, *et seq*. for Plaintiff and all aggrieved employees because of Defendants' violation of Labor Code Sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 4-2001;

b. A civil penalty against Defendants in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and all aggrieved employees for each and every pay period during that occurred between June 26, 2024, through trial;

c. A civil penalty against Defendants, pursuant to Labor Code § 1197.1 for the initial violation that is intentionally committed, in the amount of one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid and for each subsequent violation, two hundred fifty dollars ($200) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation was intentionally committed, for Plaintiff and all aggrieved employees for each and every payperiod during that occurred between June 26, 2024 through trial;

d. An award of reasonable attorney's fees against Defendants as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

e. An award of all costs incurred by the undersigned counsel for Plaintiff in connection with Plaintiff's and the aggrieved employees' claims against Defendants as provided for in Labor Code § 2699(g)(1);

10. <u>On the Ninth Cause of Action</u>

a. That the Court find and declare that Defendants have violated the UCL and committed unfair and unlawful business practices by failing to pay Plaintiff and Class Members on a separate and hourly basis for their rest break time, overtime, and time spent on nonproductive times, by failing to pay missed meal and rest break premiums;

b. Restitution, including, but not limited to, the relief permitted by Labor Code Sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1197.1, 1198, 1199, as well as IWC Wage Order No. 4-2001 (i.e., pay as specified for time spent on the nonproductive times, and time spent on rest periods by Plaintiff and the members of the Class during the Class Period), as well as a disgorgement of all profits associated with Defendants' unlawful policies as described above;

11. All other relief as this Court deems proper.

Dated: December 8, 2025

Respectfully,

POTTER HANDY LLP.

James Treglio

By: James M. Treglio
Jason Kyle Masanque
Counsels for Plaintiff and the Putative Class