UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10323 PA (MAAx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Dennis Brown v. Walgreen Co., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS ORDER

Plaintiff Dennis Brown ("Plaintiff") initiated this action against defendant Walgreen Co. ("Defendant" or "Walgreens") in the Los Angeles Superior Court on September 3, 2025. Defendant removed the action to this Court on October 27, 2025, alleging this Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). According to the operative First Amended Complaint, Plaintiff is a former Customer Service Associate at Walgreens. Plaintiff alleges that he and Defendants' employees were not paid for all hours worked; did not receive premium payments for having been provided only unpaid rest periods; were not provided timely duty free meal breaks or paid missed meal break premiums; were not provided accurate and/or complete wage statements; were not paid all wages owed within seven days of the close of payroll; did not receive all of their wages due upon termination of employment; and did not receive their overtime wages. Plaintiff seeks to assert claims on behalf of six proposed classes of Walgreens employees.

The FAC alleges claims under California law for: (1) failure to pay for all hours worked; (2) failure to provide paid rest breaks and pay missed rest break premiums; (3) failure to provide meal periods and pay missed meal period premiums; (4) failure to pay all wages owed in a timely manner; (5) failure to provide complete wage statements; (6) waiting time penalties; (7) failure to pay all overtime wages owed; (8) civil penalties for violation of Labor Code, pursuant to California's Private Attorneys General Act ("PAGA"), Labor Code §§ 2698, et seq.; and (9) violation of the California Unfair Competition Law, Cal. Business & Professions Code §§ 17200 et seq. On February 2, 2026, the Court issued an Order granting Defendant's unopposed Motion to Dismiss and dismissing Plaintiff's fourth claim without leave to amend. (Docket No. 35.)

The Court is aware of the Notice of Related Cases and Pendency of Other Actions and Proceedings Pursuant to Local Rule 83-1 ("Notice of Related Cases"), filed by Walgreens in Marshon Toney-Joseph, et al. v. Walgreen Co., et al., No. SA CV 26-331-FWS-JDE (the "Toney-Joseph Action") on February 17, 2026. (Toney-Joseph Action, Docket No. 4.) In the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-10323 PA (MAAx) | | Date | March 3, 2026 |
|---|---|---|---|---|
| Title | Dennis Brown v. Walgreen Co., et al. | | | |

Notice of Related cases, Walgreens represents that the Toney-Joseph Action is related to this action.  In addition, Walgreens identifies four actions pending in California state courts, each of which Walgreens asserts involves "overlapping parties, claims, allegations, theories, employee groups, and timeframes at issue" as the Toney-Joseph Action.  Those actions include: (1) Jazmine G. Ayala v. Walgreen Co., Walgreen Pharmacy Midwest, LLC filed in San Bernardino Superior Court as Case No. CIVSB2428728 on September 19, 2024; (2) Jazmine G. Ayala v. Walgreen Co., Walgreen Pharmacy Midwest, LLC, filed in San Bernardino Superior Court as Case No. CIVSB2435572 on November 26, 2024; (3) Juan Rodrigo Caballero v. Walgreen Co., filed in Los Angeles Superior Court as Case No. 25STCV12912 on May 2, 2025; and (4) Kevin Gonzalez Bello v. Walgreen Co. et al., filed in Los Angeles County Superior Court as Case No. 26STCV02702 on January 27, 2026 (collectively the "State Court Actions").

Based on Walgreens' representations in the Notice of Related Cases, it appears that this action may be subject to the Colorado River doctrine, pursuant to which a federal court may abstain from a case out of deference to parallel litigation brought in state court.  See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).  A court should consider several factors in deciding whether to abstain: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court."  R.R. Street & Co. v. Transp. Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011) (citing Holder v. Holder, 305 F.3d 854, 870 (9th Cir. 2002)).  "'These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist.'"  Coal. for Clean Air v. VWR Int'l, LLC, 922 F. Supp. 2d 1089, 1110 (E.D. Cal. 2013) (quoting Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1257 (9th Cir.1988)).  The threshold question in determining whether abstention is appropriate under Colorado River is whether the federal and state court actions are "substantially similar"; "exact parallelism" is not required.  Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989) (citations omitted).

Accordingly, the Court hereby orders the parties to show cause in writing why this action should not be stayed pending resolution of one or more of the State Court Actions.  Each party shall file a response on or before **March 18, 2026**.  The parties are warned that failure to respond to this Order may result in the imposition of sanctions.

IT IS SO ORDERED.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 25-10323 PA (MAAx) | Date | March 3, 2026 |
|---|---|---|---|
| Title | Dennis Brown v. Walgreen Co., et al. | | |